# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40984
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARGARITO QUINTERO-ROSALES,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-62-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Margarito Quintero-Rosales appeals his sentence of two years' imprisonment for illegal reentry, in violation of 8 U.S.C. § 1326(a). He claims the district court abused its discretion in sentencing him outside the advisory Guidelines range to the statutory maximum term, based on his responsibility for a 2016 fatal automobile accident in Texas in which three persons died.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40984

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United Sates*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Quintero appears to be challenging the procedural reasonableness of his sentence by asserting the court erred in allowing the surviving spouse and mother of the automobile-accident victims to speak at the sentencing hearing for his illegal-reentry conviction. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

Because Quintero did not object on this ground in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Quintero must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *Pepper v. United States*, 562 U.S. 476, 488–89 (2011). Accordingly, Quintero's unsupported assertion that the accident victims' surviving family member should not have been

2

No. 17-40984

allowed to speak at sentencing is insufficient to show the court committed the requisite clear or obvious error by allowing the allocution. *E.g.*, *Puckett*, 556 U.S. at 135; *Mondragon-Santiago*, 564 F.3d at 360.

Quintero also appears to be challenging the substantive reasonableness of his sentence on the ground that it improperly gives significant weight to irrelevant information regarding the accident and its victims. Because he preserved this challenge at sentencing, review is for abuse of discretion. *Delgado-Martinez*, 564 F.3d at 751–53. Quintero contends the accident is irrelevant because the gravamen of his illegal-reentry offense had already been completed at the time of the accident. This is unpersuasive, however, because a "§ 1326 offense begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by [immigration authorities] in the United States". *United States v. Compian-Torres*, 712 F.3d 203, 207 (5th Cir. 2013) (internal quotation marks omitted). Accordingly, the accident was a part of Quintero's background and history that the court was authorized to consider at sentencing. 18 U.S.C. §§ 3553(a)(1), 3661. In the light of the deference given to "the district court's decision that the § 3553(a) factors, on whole, justify the extent of the variance", Quintero has not shown the district court abused its discretion. *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

AFFIRMED.